BP:nm

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-20648-CR-MIDDLEBROOKS

UNITED STATES OF AMERICA,

        Plaintiff,

v.

HERMAN KENNETH MEIJE,

        Defendant.
_____/



## PRELIMINARY ORDER OF FORFEITURE

THIS CAUSE is before the Court upon motion of the United States for entry of a preliminary order of forfeiture. Being fully advised in the premises, the Court finds as follows:

1. In the Indictment in the above-entitled case, the government sought forfeiture, pursuant to 21 U.S.C. § 853 of certain property involved in a violation of 21 U.S.C. § 952(a).

2. On September 4, 2008, the defendant HERMAN KENNETH MEIJE entered a plea of guilty to Count 1 of the Indictment and the violation of 21 U.S.C. § 952(a) and agreed to forfeit all of his right, title and interest in the following as property involved in such violation:

        $650.00 in United States currency.

Therefore, in consideration of the Plea Agreement between the defendant and the United States, and upon motion of the United States and for good cause shown thereby,

IT IS HEREBY ORDERED that:

1. All right, title and interest of defendant HERMAN KENNETH MEIJE in $650.00 is hereby forfeited to the United States of America pursuant to 21 U.S.C. § 853.

2. The United States Immigration and Customs Enforcement, or any duly authorized law enforcement official, shall, as soon as practicable, seize and take custody of the property identified herein above as forfeited under this order pursuant to 21 U.S.C. § 853(g).

3. The United States shall publish notice of this Order at www.forfeiture.gov as required by 21 U.S.C. § 853(n). The United States shall state in the notice that any person, other than the defendant, having or claiming a legal interest in the property ordered forfeited by this order must file a petition with the Court within thirty (30) days of the final publication of the notice or receipt of actual notice, whichever is earlier; that the notice that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, the petition shall be signed by the petitioner under penalty of perjury, shall set forth the nature and extent of the petitioner's right, title and interest in the forfeited property, the time and circumstances

of the petitioner's acquisition of the right, title, or interest in the property, and shall set forth any additional facts supporting the petitioner's claim and the relief sought.

4. The United States shall provide, to the extent practicable, direct written notice to any person known to have an alleged interest in the property that is subject of the Order of Forfeiture, in addition to the published notice.

5. The United States is further authorized, pursuant to 21 U.S.C. § 853(m) and Rule 32.2(c)(1) of the Federal Rules of Criminal Procedure, to conduct any discovery necessary, including depositions, to identify, locate or dispose of the property ordered forfeited herein or in order to expedite ancillary proceedings related to any third party petition claims filed with respect to the forfeited property.

It is further ORDERED that upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture pursuant to 21 U.S.C. § 853(n) in which all interests will be addressed. If no claims are filed within 30 days of the final publication or receipt of actual notice, whichever is earlier, then, pursuant to 21 U.S.C. § 853(n)(7), this Order shall be deemed a final order of forfeiture, and the United States Immigration and Customs Enforcement, or any duly authorized law enforcement official, shall dispose of the property forfeited hereunder according to law.

3

DONE AND ORDERED at West Palm Beach, Florida this __9__ day of ___October___ 2008.

_____
DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE


cc: AUSA Barbara Papademetriou (2 certified copies)